JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, | ) ) ) | Case No: CV 08-4446 SVW (RZx) |
| Plaintiff, | ) ) ) | ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND, AND DENYING PLAINTIFF'S MOTION FOR |
| v. | ) ) | ATTORNEYS' FEES [17] |
| TIME WARNER, INC., a Delaware Corporation, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

///

///

## I. INTRODUCTION

The People of the State of California ("Plaintiff") bring this Motion for Remand on the grounds that diversity jurisdiction does not exist. Plaintiff filed this action in state court on June 5, 2008, alleging violations of the California state Unfair Competition Law ("UCL") and False Advertising Law ("FAL"). See Cal. Bus. & Prof. Code, §§ 17200 et seq., 17500 et seq. Plaintiff's claims arise out of Defendants' acquisition of Adelphia Communications Corporation and Comcast Corporation cable television and internet services in the City of Los Angeles, in August, 2006. (Compl. ¶¶ 76-84.) On July 7, 2008, Time Warner Inc. and its affiliates (collectively "Defendants" or "TWC") removed this action to this Court on the basis of diversity jurisdiction.

Defendants are citizens of New York and Delaware, and argue that, despite the matter being brought in the name of the People of the State of California, the City of Los Angeles is the real party in interest. (Def.'s Opp. 1.)

## II. DIVERSITY JURISDICTION

28 U.S.C. § 1441(a) allows any civil action brought in state court, over which the federal district court would have original jurisdiction under 28 U.S.C. § 1332, to be removed by the defendants to federal district court. Section 1332 confers original jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states."

2

The Ninth Circuit has a "strong presumption against removal." Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992) (citation omitted). Courts must "strictly construe the removal statute against removal jurisdiction," and "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. Further, the defendant has the burden of establishing that removal is proper. Id.

### A.  STATE VS. CITY ANALYSIS

Defendants argue that diversity jurisdiction exists because the city is the real party of interest, not the state. Unlike a city, which is a citizen of the state, "a state is not a 'citizen' for purposes of diversity jurisdiction." Moor v. County of Alameda, 411 U.S. 693, 717 (1973). In order to determine citizenship for diversity jurisdiction, "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." Navarro Savings Assoc. v. Lee, 446 U.S. 458, 461 (1980).

In Missouri, Kansas, & Texas Railway Co. v. Hickman ("Missouri Railway"), the Supreme Court addressed whether the state was a real party in interest for an action brought by a state agency. 183 U.S. 53 (1901). The Supreme Court held,

> It is true that the state has a governmental interest in the welfare of its citizens, in compelling obedience to the legal orders of all its officials, and in securing compliance with all its laws. But such general governmental interest is not that

1      which makes the state, as an organized political community, a
2        party in interest in the litigation, for if that were so the
3        state would be a party in all litigation. . . . The interest must
4        be one in the state as an artificial person.

5 Id. at 60.  Although the Supreme Court appeared to broadly eliminate
6 the state as a real party in interest whenever the state alone does
7 not inure the benefit, Missouri Railway has been subsequently limited
8 and distinguished.  "So long as the state is more than a nominal or
9 formal party and has a real interest, pecuniary or otherwise, in the
10 outcome of the litigation, it has been held that the State is a real
11 party to the controversy and removal on diversity grounds is
12 improper."  State of West Virginia v. Morgan Stanley & Co., 747 F.
13 Supp. 332, 337 (S.D. W. Va. 1990) (summarizing case law since Missouri
14 Railway).

15    In the Ninth Circuit, two district courts have found that claims
16 brought on behalf of the People of California under the UCL should be
17 considered to be brought by the state for the purpose of determining
18 diversity jurisdiction.  California v. Check 'N Go of California,
19 Inc., 2007 U.S. Dist. Lexis 65650 (N.D. Cal. Aug. 20, 2007) (diversity
20 jurisdiction did not exist where the City Attorney of San Francisco
21 brought an action on behalf of the People of California claiming Check
22 'N Go had engaged in deceptive business practices); California v.
23 Steelcase Inc., 792 F. Supp. 84, 85 (C.D. Cal. 1992) (diversity
24 jurisdiction did not exist because the action filed by the district
25 attorney of Los Angeles was brought on behalf of the People of the
26 state of California as authorized under California's UCL).[1]  In

---

[1] Defendants' reliance on California v. M&P Investments is misplaced.  213 F. Supp. 2d 1208 (E.D. Cal. 2002).  In M&P Investments the city attorney expressly conceded that he did not represent the State. Id. at 1213.

4

Steelcase, the defendants argued that the County of Los Angeles was the real partying interest because the County was the purchaser of the Steelcase furniture at issue. 792 F. Supp. at 85. Nevertheless, then-district court Judge Tashima held that the UCL statute expressly authorizes an action for civil penalties to be brought in the name of the People of the State of California. Id. Judge Tashima found that "[c]ivil penalties are not damages recovered for the benefit of private parties; they are more akin to a criminal enforcement action and are brought in the public interest." Id. at 86. Consequently, the state was found to be the real party in interest, and not the County of Los Angeles. Id.; see also State v. Altus Fin., 36 Cal.4th 1284, 1306 (The authority under the UCL is "fundamentally a law enforcement action designed to protect the public and not to benefit private parties.").

Likewise, Plaintiff's claims are brought by prosecutors in the criminal branch of the Los Angeles City Attorney's Office. (Reply 10.) Under UCL and FAL, a city attorney is specifically authorized to bring actions on behalf of the People of the State of California. Cal Bus. & Prof. Code §§ 17206, 17536. Defendants, nevertheless argue that because both the UCL and the FAL require that civil penalties collected in actions brought by the city attorney be paid in one-half to the prosecuting city and one half to the treasurer of the county in which the city resides that the action is brought in the interest of the City. Id. The UCL, however, requires that the "funds shall be for the exclusive use by the Attorney General, the district attorney, the county counsel, and the city attorney for the enforcement of consumer protection laws." Cal Bus. & Prof. Code § 17206(c). Further, civil penalties are only available under the UCL law

5

enforcement actions brought by prosecutors in the name and on behalf of the People. Cal. Bus. & Prof. Code, § 17206. By enacting UCL and FAL, and expressly limiting any civil penalties to the enforcement of consumer protection laws, the State of California has made it an interest of the State to enforce compliance with consumer protection laws.

This court is compelled to remand when there is any doubt as to the right of removal. Gaus, 980 F.2d at 567. Here, the Court finds that the State's interest in the enforcement of its consumer protection laws establishes enough of an interest to create doubt that the real party of interest is only the City of Los Angeles.

### B.   PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

Pursuant to 28 U.S.C. § 1447(c), Plaintiff requests an award of attorneys' fees and costs incurred as a result of Defendants' allegedly improper removal. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Id. "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005). Although the Court was not persuaded by Defendant's arguments, the Court finds that the Defendants basis for removal was objectively reasonable. The Court therefore declines to exercise its discretion to award Plaintiff's fees and costs under 28 U.S.C. § 1447(c).

///
///

**III. Conclusion**

For the aforementioned reasons, the Court (1) GRANTS Plaintiff's Motion for Remand, and (2) DENIES Plaintiff's Motion for Attorneys' Fees.

**IT IS SO ORDERED.**

**DATED: September 17, 2008**

_____
**STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE**